BOLIN, Judge.
Defendants appeal from judgment awarding plaintiff benefits for total and permanent disability under the Louisiana Workmen’s Compensation Act. Plaintiff answers seeking to amend the judgment insofar as it denied him statutory penalties and attorney’s fees.
The employment, workmen’s compensation coverage and rate of pay are admitted. While there is some dispute as to the occurrence of an accident we find the evidence overwhelmingly establishes same. We likewise conclude plaintiff, on the day of the trial, was totally and permanently disabled to perform the type of labor he was doing at the time of the accident. Therefore, the sole remaining issue is whether there was a causal connection between the accident and the employee’s disability.
The trial was lengthy. Numerous lay and expert witnesses testified. The district judge, therefore, had the opportunity to see and observe all witnesses, which is unusual with so many physicians testifying. The judge wrote an excellent opinion which was supplemented .by his reasons for refusing a new trial. In these opinions he outlined and commented on the testimony of most of the witnesses. For this reason we shall not lengthen this opinion with a restatement of the lower court’s findings. However, being mindful of our constitutional duty to review the law and the facts and to give written reasons for our judgment we shall briefly state the facts as we find them and the law as we appreciate it.
Plaintiff, a 63-year-old man, was injured on July 31, 1963, while employed by Layflat Products, Inc. of Shreveport, Louisiana. During the course and scope of his employment three bales of yarn, weighing about 100 lbs. each, fell from a truck and knocked him against a metal building. Soon after the accident plaintiff notified the plant manager. After recovering somewhat from the shock he returned to work and was on the job for the remainder of the day. The next day his employer sent him to Dr. J. V. Hén-drick, of Shreveport. After a physical examination Dr. Hendrick sent plaintiff back to. work where he attempted to perform his duties. On Sunday August 4th he consulted his family physician, Dr. J. O. Broyles, who examined him in the emergency room of.the Schumpert Sanitarium. There being no rooms available at the Schumpert he was instructed to report back to the sanitarium on August 5th, at which time Dr. Hendrick had him admitted to the hospital where he remained approximately one week. His principal complaints originally related to his chest, head and back. Dr. Hendrick dismissed plaintiff as being able to return to work. Thereafter, the employee was examined, or treated, by a number of medical experts including two orthopedic surgeons, a neuro-surgeon, an ear, nose and throat specialist, a general practitioner, two specialists in internal medicine, a psychiatrist and a clinical psychologist.
We conclude that at the time of. the accident plaintiff had preexisting arteriosclerosis (hardening of the arteries) and osteoporosis (abnormal porousness of the *622 bone structure due to lack of essential minerals). The essence of defendants’ contention is that the employee’s physical condition at the time of the trial (some two years after the accident) was due to the natural degenerative processes in a man of his age and had no causal connection with the accident. They further contend the consensus of the medical testimony is that plaintiff’s complaints were all subjective and when such testimony was considered in the light most favorable to plaintiff it reflected only a “possibility” rather than a “reasonable probability” that the disability was caused by an aggravation of the employee’s preexisting condition.
We are aware of the rule that a plaintiff in a compensation suit is required to prove his case by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Speculation, conjecture, near , possibility and even unsupported probabilities are not sufficient to support a judgment. Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963) and cases cited therein.
We believe plaintiff has met this burden of proof. While counsel for defendants have diligently and persuasively espoused their cause we cannot agree with their contentions. As pointed out by the trial judge plaintiff had been employed by Lay-flat Products, Inc. approximately nine years prior to the accident. He had a good work record and was able to perform his duties before the accident without any pain or complaints. The impact of the bales of yarn was so severe as to cause him to lose consciousness and be hospitalized. He was treated by numerous doctors, practically all of whom were of the opinion plaintiff was sincere in his complaints of pain. We, therefore, conclude plaintiff has borne the burden of proving his disability was caused by an accidental injury which aggravated his preexisting physical condition. We are in accord with the following findings of the trial judge:
* * * * * *
“After a careful review of the other medical evidence, it is my opinion that such evidence supports the conclusion that, while plaintiff undoubtedly had an arthritic condition and that he was afflicted with arteriosclerosis to some extent before he sustained his injury, his various, more or less, latent weaknesses were activated by the injuries sustained in the accident of July 31, 1963, while in the employ of Lay Flat Products, Inc. It is my further opinion that he has been unable to follow the occupation that he was following at the time he sustained his injury since his accident. The evidence shows that the plaintiff had worked regularly and continuously until the time of his accident. A considerable portion of the medical evidence is to the effect that he is presently disabled and has not been able to work since he sustained his accident; and that a preponderance of the evidence supports plaintiff’s position that there is a causal connection between the accident and his present disabling conditions.” * *
Plaintiff contends he should be awarded statutory penalties and reasonable attorney’s fees. From our review of the record, and particularly the medical testimony, we conclude the refusal of the employer or his workman’s compensation insurer to make workman’s compensation payments was not arbitrary and capricious. Therefore, the demand of plaintiff for statutory penalties and attorney’s fees is denied.
The judgment appealed from is affirmed at appellants’ cost.