FRUGÉ, Judge.
This is a suit by plaintiff for workmen’s compensation benefits. The benefits are allegedly due him for injuries sustained in an accident while in the employment of one John F. “Bobby” King, an agent of Boise Cascade Corporation, the insured of defendant, Employers Mutual of Wausau. Judgment on the merits was rendered by the trial court in favor of the defendants, from which judgment plaintiff has appealed.
The sole issue to be determined in this case is whether the plaintiff sustained his burden of proving an accident within the course and scope of his employment, and whether he suffered disability having a causal connection with the accident.
*202 The plaintiff, Burt King, was employed by his brother, John Floyd King, who in turn was employed by Clifford Burgess, who was employed by Boise Cascade Corporation, the insured, to cut logs. It was plaintiff’s testimony that on the day of the alleged accident, September 19, 1967, he was working near Oberlin, Louisiana, with his brother and another worker, James Clark. At the time of the accident, he was some two hundred to three hundred yards away from his brother and some four hundred to five hundred yards from the co-worker, Clark. He had cut down a tree, but the limbs of the tree were holding the trunk about four feet from the ground. While he was trying to free the snag, the log rolled over, fell on his ankle, and caused him to injure his ankle and his back. Plaintiff testified that after the accident he sat down on the log and his brother came over to him. Plaintiff allegedly told his brother that he had hurt his back and leg, and showed his brother the ankle. Plaintiff supposedly told James Clark, the co-worker, of the accident on the same day while riding in from work in a truck.
The above testimony is the only testimony in the record evidencing the occurrence of an accident. On the contrary, the testimony of plaintiff’s brother, “Bobby”, of James Clark, and of the other co-workers is that they had no knowledge whatsoever of the plaintiff’s accident or injuries. Bobby King testified that the first knowledge he had of any alleged accident was when suit was filed. He denied ever having been told by his brother that he was injured on the job, and on the other hand, testified that his brother had last worked for him on a Friday, the accident allegedly happening on a Tuesday, and that the following Wednesday his brother had come to his house, and told him that he had to have more money for his work or he would sue him.
The plaintiff’s sister-in-law, Mrs. John F. King, testified in direct support of what her husband said. She stated that at no time had she had knowledge of an accident and that the plaintiff did not appear to be hurt. She was a witness to what was said in the conversation between plaintiff and her husband, and heard no mention of any accident or injury.
James Clark testified that he was never told by plaintiff about the accident, had not seen any injury, or noticed on his own that plaintiff was hurt.
After a consideration of all the testimony, which included that of three medical experts by deposition, the trial court found that the plaintiff had not proved that an accident had occurred. In his written reasons for judgment, the trial judge stated:
“The Court has observed the demeanor of these witnesses and also thát of plaintiff. Considering all of the evidence surrounding this case, the Court is convinced that the plaintiff did not carry the burden of proof required to show that he received an accident while working.”
After a close reading of the record in its entirety, this ' Court can do naught but agree with the trial court’s conclusion.
It is the settled jurisprudence of this state that in any compensation case, as in other cases, plaintiff bears the burden of proof. He is required to establish his claim by a reasonable preponderance of the evidence. Hughes v. Chrysler Corp., 216 So.2d 636 (La.App. 4th Cir., 1968), and numerous citations therein.
In proving a case by a preponderance of the evidence, speculation, conjecture, and near possibilities are not sufficient to support the judgment. Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963) and citations therein; Davis v. Zurich Insurance Co., 210 So.2d 620 (La.App. 2d Cir., 1968).
In this case plaintiff simply did not carry the burden of proving the occurrence of an accident. The Court was impressed *203 with the discrepancies in his testimony, and for that matter, the Court was little impressed by any of the lay testimony of the record. Whatever the case may be, however, it is up to the plaintiff to prove his case.
The chief complaint of plaintiff in brief was the notation of the trial court in its written reasons for judgment, that having considered the evidence, it did not find it necessary “to pass on the medical phase of the case”. Plaintiff alleges that the court did not even read or consider the medical testimony, which testimony he maintains corroborates the testimony of plaintiff. With this allegation, we simply do not agree.
This court has read very closely the entirety of the record, particularly all of the medical evidence. Said medical evidence included the depositions of Drs. Meuleman, Bordelon and Vidrine. A summary of the medical testimony is that plaintiff, at the time of the alleged accident, was suffering from degenerative osteoarthrosis of the lumbar region.
It was the opinion of Dr. Vidrine, who examined plaintiff soon after the date of the alleged accident, and of Dr. Bordelon, an orthopedist who examined plaintiff three weeks thereafter, that plaintiff suffered from a “strain of the lower lumbar area, superimposed upon degenerative os-teoarthrosis”. The osteoarthrosis, without doubt, existed prior to the alleged accident. It was these doctors’ opinion that the strain and the pain suffered by plaintiff had been made acute by trauma, but it was as well admitted by them that any trauma, not necessarily the accident, could have caused such. In short, taking the medical testimony in its most favorable light to plaintiff, it still did not prove the occurrence of the accident.
Plaintiff not having maintained the burden of proving an accident, his claim for benefits was rightly refused. Disability, in view of the above result, is not at issue and need not be discussed.
For the foregoing reasons, it is the opinion of this court that the judgment of the trial court in favor of defendant be sustained and affirmed. Costs to be paid by plainti f f-appellant.
Affirmed.