HOOD, Judge.
Joseph Singleton sues his employer and its insurer for workmen’s compensation benefits, alleging that he is totally and permanently disabled. The trial court concluded that he had recovered from his injuries by January 2, 1968, and judgment was rendered awarding him compensation benefits only up to that date. Plaintiff and defendants have appealed.
The issues presented are: (1) Is plaintiff totally and permanently disabled? (2) Did he recover from his injuries prior to January 2, 1968? and (3) Is plaintiff entitled to recover penalties and attorney’s fees?
Singleton sustained a back injury on August 5, 1965, while he was working as a laborer for Dupuis Produce Company, in St. Martin Parish. His injury was diagnosed as a herniated intervertebral disc at the lumbosacral level. A laminectomy was performed on August 8, 1966, or about one year after the accident occurred, and plaintiff recovered from that surgery without complications.
Compensation benefits were paid to plaintiff by the defendant insurer, Fireman’s Fund American Insurance Companies, from the date of the accident until March 11, 1967. These payments were discontinued on the last mentioned date because at about that time the treating physician reported to the insurer that plaintiff was able to return to work. Plaintiff instituted this suit on March 8, 1968, and shortly" thereafter defendants made additional payments to plaintiff sufficient to cover all compensation due up to August 2, 1967.
Singleton testified that he has continued to suffer pain in his back and in his leg since the date of the accident. He stated that he tried to work several times after *241 surgery was performed on his back, but that he has been unable to do manual labor because of pain and swelling of the right leg. His testimony to that effect was corroborated by that of his wife and of his son.
Dr. R. Luke Bordelon, an orthopaedic surgeon, examined plaintiff on April 12, 1966, and performed a laminectomy on his back on August 8, 1966. Plaintiff was discharged from the hospital on August IS, and he was treated by Dr. Bordelon periodically from the time of that operation until January 27, 1967. On March 14, 1967, Dr. Bordelon reported that when he last examined plaintiff, on January 27, he “felt that the patient was actually able to return to work,” but he nevertheless planned to follow him along for several more months. He made an appointment for plaintiff to return to his office on February 24, 1967, but plaintiff failed to keep the appointment. Finally, Dr. Bordelon examined plaintiff on January 9, 1968, at the request of defendant insurer, and concluded that “the patient does not have any impairment from an orthopaedic standpoint which would prevent the performance of full activity, although he does have a physical impairment of 10 percent of the lumbar spine on the basis of the herniated nucleus pulposus with subsequent surgery.”
Dr. George P. Schneider, an orthopaedic surgeon, examined plaintiff on May 5, 1967, and concluded that “the results of the surgery per se were good.” He felt, however, that plaintiff was not able to resume his usual type of work at that time, but that he would be able to do so within a period of from “six to eight months from the date of my examination.”
Plaintiff was examined by Dr. Fred C. Webre, an orthopaedic surgeon, on March 25, 1968. This specialist reported that plaintiff had had a relatively good result from disc surgery, that he had no evidence of sciatic nerve irritation, and that his neurological findings were relatively normal in the lower limbs. He stated that “this patient, at best, has a 10 percent impairment of the back which would not prevent him from returning to his previous employment at the present time.”
Dr. C. V. Hatchette, an orthopaedic surgeon, examined plaintiff on March 13, 1969, and found no abnormalities or objective signs of injury or disability. He concluded that plaintiff had gotten a fairly good result from the surgery, and that he eventually would be “able to carry on duties which will be supporting and gainful for him and his family,” although he felt that plaintiff had a residual disability of about 15 percent as the result of the removal of the herniated disc in his low back region. He did not believe that any further treatment was indicated in this case.
Finally, Dr. Louis J. Weinstein treated plaintiff for a period of time after his disc surgery, the treatment consisting of the administering of muscle relaxants and pain medication. He examined plaintiff for the Department of Public Welfare on April 10, 1970, because of his inability to work, and he stated that at that time Singleton complained of back ache and pain in his legs. Dr. Weinstein did not make a specific diagnosis as to the cause of plaintiff’s complaints, but he stated that he felt that his complaints were not of a malingering nature.
The trial judge concluded that plaintiff was disabled from the date of the accident until January 2, 1968. He based that conclusion primarily on the opinion expressed by Dr. Schneider that plaintiff should recover within a period of six to eight months from and after the date he examined Singleton on May 5, 1967. Dr. Bor-delon was of the opinion that plaintiff had recovered before that six to eight month period had elapsed, and Dr. Webre found no signs of disability shortly thereafter.
The trial judge also concluded that defendants were not arbitrary or capricious *242 in discontinuing the payment of compensation benefits in March, 1967, because of the report which was submitted to them by the treating physician, Dr. Bordelon, on March 14, 1967. Judgment thus was rendered awarding plaintiff compensation benefits to January 2, 1968, and rejecting plaintiff’s demands for penalties and attorney’s fees.
In a workmen’s compensation case, as in other cases, plaintiff bears the burden of proof, and he must establish his claim by a reasonable preponderance of the evidence. Kirkham v. Consolidated Underwriters Insurance Company, 219 So.2d 827 (La.App. 2 Cir. 1969); King v. Employers Mutual of Wausau, 220 So.2d 201 (La.App. 3 Cir. 1969).
Also applicable here is the rule that the factual findings of the trial judge are entitled to great weight on appeal, and his conclusions as to the facts should not be disturbed unless found to be clearly erroneous. Huntsberry v. Millers Mutual Fire Insurance Company, 205 So.2d 617 (La.App. 3 Cir. 1967).
We agree with the trial court that the evidence in the instant suit fails to establish that plaintiff is totally and permanently disabled, or that he has been disabled since January 2, 1968.
. [2] Defendants contend that the evidence fails to show that plaintiff has been disabled since the payment of compensation benefits was discontinued on August 2, 1967. They argue that the trial court erred in awarding compensation benefits from that date until Januáry 2, 1968, and in condemning defendants to pay the costs of this suit. Although the testimony of the treating physician supports defendants’ argument, we cannot say that the trial judge erred in accepting the testimony of Dr. Schneider that plaintiff was still disabled on May 5, 1967, and that he would require a period of from six to eight months after that date within which to recover from his disability. We find no error in the judgment rendered by the trial court, therefore, which awards compensation benefits up to January 2, 1968.
We also agree with the trial court that defendant was not arbitrary or capricious in discontinuing the payment of compensation benefits on March 11, 1967. The record shows that on March 14, 1967, the defendant insurer received a report from the treating physician, Dr. Bordelon, advising that plaintiff was able to return to work. On the basis of that report, defendant did not act arbitrarily in discontinuing the payment of benefits.
For these reasons, the judgment appealed from is affirmed. One-half of the costs of this appeal are assessed to plaintiff, and the remaining one-half of such costs are assessed to defendants.
Affirmed.