FRUGÉ, Judge.
This is a suit by a roughneck for workmen’s compensation benefits arising from an accident allegedly occurring during the month of December, 1968, resulting in total and permanent disability. Plaintiff has appealed from a judgment denying him compensation. We affirm.
The only issue raised in this case is whether or not plaintiff actually experienced an accident.
The burden of proof in a compensation case is upon the plaintiff to prove his case by a preponderance of evidence, and speculation, conjecture, and mere possibilities are not sufficient to support a judgment. King v. Employers Mutual of Wausau, 220 So.2d 201 (La.App.3rd Cir., 1969).
Plaintiff attempted to prove that he slipped on some ice while in the course of his employment and injured his wrist. The accident was alleged to have occurred during December, 1968. The driller, Calvin Treadway, who was working with the plaintiff at the time of the alleged accident, was not aware that an accident had occurred to the plaintiff, nor was he aware of any report of injury occurring to plaintiff’s right wrist. If such was the case, he would have had an accident report. He only worked one day with the plaintiff during that month and that was the 29th. Plaintiff continued to work until March, when he contends he became disabled. Mr. Ballay, who was the shift foreman at the time of the accident, said that on April 28, 1969, he had a discussion with plaintiff about his right wrist, and at that time he specifically asked plaintiff whether he had an accident to that wrist and plaintiff said no.
Both doctors who testified indicated that at no time had plaintiff told either that he had injured his wrist while on the job. One, in fact, said that plaintiff had given him a history of pain in the wrist for a year prior to the alleged accident. Plaintiff’s wife, testifying for him, said that his wrist had been hurting him before the alleged accident occurred.
Plaintiff alternatively contended that he was rendered disabled because of repeated trauma. However, the evidence fails to establish even one significant injury, much less a series of injuries. The nature of the disease of the wrist itself refutes this.
Plaintiff was suffering from Kienbock’s disease, a vascular necrosis of the carpal lunate, in his wrist. This disease is characterized as a progressive post-traumatic deterioration. The condition occurs from a decreased blood supply resulting from interference with circulation by a fracture to the bone.
The evidence falls short of establishing that plaintiff sustained a compensable injury to his wrist.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant to pay the costs.
Affirmed.