BOLIN, Judge.
Plaintiff sued defendants for workmen’s compensation benefits, penalties and attorney fees due him for injuries he allegedly received while employed as a log cutter for S. H. Bolinger Company. Anthony Forest Products Company concedes that if there is liability Anthony has agreed to pay all compensation claims incurred by Bolinger. Plaintiff claims he was rendered totally and permanently disabled as result of accidental injuries received during the course and scope of his employment. For written reasons the trial court rejected plaintiff’s demands and he appeals. We affirm.
In his original petition plaintiff alleged the accident forming the basis of his claim occurred on September 18, 1973, when a log struck him in the back. Suit was filed on September 17, 1975. Defendants filed a plea of one year prescription and an answer. On the same date defendants filed the plea of prescription and answer plaintiff filed an amended petition alleging additional injuries to his back caused by his falling or stumbling in the woods on or about October 1, 1974 and June 1, 1975. The plea of prescription was referred to the merits and the case went to trial.
Plaintiff contended in the lower court and urges on appeal that the initial accident on September 18, 1973, was causally related to a disc operation on July 29, 1975, and his total disability existing at the time of trial. Plaintiff alternatively contends the disability resulting from the original accident on September 18, 1973 did not manifest itself more than one year prior to the date this suit was filed and therefore prescription had not accrued on the claim. Plaintiff contends, in the further alternative, that the alleged accidents of October 1974 and June 1975 aggravated his pre-ex-isting injury, resulting in his total disability.
We are in accord with the factual findings of the trial judge. It was stipulated plaintiff received an on-the-job injury on *697 September 18, 1973, for which he was paid approximately $135.00 in compensation benefits. Plaintiff testified he performed all the duties as a log cutter from the date of the accident until June 1975, but that he worked in almost constant pain following the September 1973 accident. During the first week of June 1975 plaintiff failed to report for work and his employer later learned that he had entered a hospital at Springhill.
The medical evidence consists of a copy of a letter dated October 5, 1973 from Dr. D. F. Overdyke, Jr., orthopedic surgeon of Shreveport, and five letter reports of Dr. Don H. Burt, orthopedic surgeon of Shreveport, dated June 25, July 9, July 13, August 5, and September 15, 1975.
Dr. Overdyke diagnosed plaintiff’s condition resulting from the 1973 accident as , being an injury to his right hip. Plaintiff was administered drugs for the relief of pain and the doctor suggested he return for further examination if he could not perform his duties within approximately three weeks. There is no additional report relating to this injury.
All of the reports of Dr. Burt relate to possible nerve root irritation. In his report of June 25, 1975, Dr. Burt said the patient gave a history of having injured his low back and hip while working in 1973. After performing a myelogram Dr. Burt performed surgery on plaintiff for a herniated disc. None of the medical reports of Dr. Burt state that it was possible or probable that the herniated disc resulted from plaintiff’s injury in 1973.
In workmen’s compensation cases, as in all other civil cases, plaintiff bears the burden of proving his claim. Although the rules of evidence should be liberally construed so as to afford broad coverage to an employee receiving an on-the-job accident, the courts may not indulge in pure speculation in order to accomplish this purpose. Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963); King v. Employers Mutual of Wausau, 220 So.2d 201 (La.App.3d Cir. 1969).
In his reasons for judgment the trial judge, after finding the 1973 accident did not cause the disability, discussed the alternative defenses. He found plaintiff failed to prove the 1974 and 1975 accidents. He also found that, if it be assumed the 1973 accident caused the disability, the plea of prescription of one year should be sustained because the injury had manifested itself for more than one year prior to the suit being filed on September 17, 1975.
From our careful examination of the entire record in this case we find no evidence that the 1973 accident caused the herniated disc and the resulting disability to plaintiff.
This is not a case in which the original accident in 1973 was followed so closely in point of time by the disability complained of as to give rise to the presumption there had been no intervening cause for the disability. There is an absence of medical evidence that the 1973 injury to plaintiff’s hip would have resulted, either through the passage of time or in the ordinary course of events, in a herniated disc for which plaintiff underwent the operation in July 1975. The record is devoid of any evidence, except plaintiff's uncorroborated statements that he worked in pain, that causally relates his present disability to the 1973 accident.
Testimony regarding plaintiff’s alleged injuries in October of 1974 and in May or June of 1975 came entirely from plaintiff and he could not say on what exact date or at what place either accident occurred. He merely stated that he had stepped in a stump hole and reinjured himself on those occasions. He testified that, although he did not notify his employer of the above accidents he did tell his fellow employees, Willie Dupuy and Rufus Green, about them.
*698 Both Dupuy and Green said they had no doubt seen plaintiff fall in stump holes in the woods, because it was a common occurrence for all who worked in the woods cutting trees, but that plaintiff had not at any time complained to either of them about any accidental injury except the one in 1973. The report of Dr. Burt, who operated on plaintiff’s back on July 29, 1975, makes no mention of a history of any accident other than the one in 1973. Plaintiff admitted he did not tell any doctor about stumbling or falling into a stump hole in 1974 and 1975. We find plaintiff has failed to sustain the burden of proving the 1974 and 1975 accidents.
Having found the 1973 accident was not causally related to plaintiff’s disability and that plaintiff failed to prove the 1974 and 1975 accidents, we pretermit a ruling on the plea of prescription.
The judgment of the lower court is affirmed at appellant’s cost.