SWIFT, Judge.
The plaintiff herein seeks to recover from his employer’s insurer workmen’s compensation benefits for alleged total and permanent disability, plus penalties and an attorney’s fee, by reason of an accident he sustained on January 22, 1980.
Mr. Guillory was a laborer, who performed board road construction for South Louisiana Contractors (SOLOCO). The job entailed, among other things, his tying a cable around a bundle of 50 boards, each board being about 18 to 20 feet long, five to six inches wide and three and one-half to four inches thick. While being lifted by a wench, one of the bundles swung around and hit the plaintiff in the back, causing him to fall to the board road.
Dr. Robert Kapsinow, a former surgeon now engaged in general practice in Lafayette, examined Guillory the day of the accident. He noted that the plaintiff sustained a contusion in the mid-back region where struck by the boards. He also suffered a small abrasion of the right elbow when he hit the road and he had a bad headache. Dr. Kapsinow found no other injuries except an old stab wound in Guillo-ry’s neck. He gave plaintiff a tetanus shot and pain medication. Guillory was told to return within two days if the pain did not subside, but he did not do so. His reason was that he did not have a ride. The doctor considered the back injury minor and he believed that Guillory would be well and able to resume his work in two to five days.
The plaintiff did not return to work and the defendant paid him workmen’s compensation benefits at the rate of $63.90 per week from the accident up to April 8, 1980. It also paid Guillory’s medical expenses to that date.
Dr. John Tassin, a general practitioner from Ville Platte, Louisiana, saw the plaintiff on January 25, 1980. He found that Guillory was then neurologically sound, had no fractures or dislocations, but probably suffered a sprain or a ligamentous type injury to his lower back. This physician prescribed pain medication and conservative physical therapy. When Guillory complained of more pain on walking, Dr. Tassin referred him to Dr. Frederick L. Mayer, an orthopedic surgeon in Opleousas, who examined him on January 31.
Dr. Mayer concluded that the plaintiff sustained only a lumbar musculoligamen-tous strain on the left side of his low back area. He recommended continuation of conservative treatment and felt Guillory could be discharged to return to work in three or four weeks.
Dr. Tassin saw the plaintiff about once a week during February and March, 1980. Because of his continued complaints of pain, some now in the upper back, the doctor referred Guillory to Dr. Mayer a second time for additional evaluation.
After another complete and thorough examination on April 8, 1980, Dr. Mayer reported to Dr. Tassin and the employer that plaintiff’s lumbar strain “. . . was completely resolved at this time” and he was physically fit to return to his previous employment. The doctor testified that Guillo-ry “. . . had no findings whatsoever of a herniated, ruptured or extruded disc.”
On the basis of Dr. Mayer’s medical report the defendant ceased paying compensation benefits to Guillory.
Dr. Tassin testified that he disagreed with Dr. Mayer’s conclusion that Guillory could return to work and has continued to see him. He has been unable to rule out the possibility of a herniated disc, and thinks plaintiff should have a “. . . complete independent evaluation to satisfy my own self and to satisfy him.” He referred Guillory to Dr. Henry LaRocca of New Orleans for such an examination on May 19, but the plaintiff did not go because the defendant would not pay for same. The latter’s position is that Guillory had fully recovered from his injuries by April 8, 1980.
In his brief and during oral argument before this court counsel for defendant acknowledged the plaintiff’s correct weekly compensation rate was $94.66 rather than $63.90 as paid. Since he had not been paid the “maximum percent of wages” to which he was entitled under the act when suit was *614 instituted, the exception of prematurity filed herein by the defendant lacked merit and was properly overruled. LSA-R.S. 23:1314.[1] However, we do not find the defendant’s error in this respect to be arbitrary or capricious so as to give rise to imposition of penalties and an attorney’s fee.
The principal issue presented for our determination on this appeal is whether the plaintiff continues to suffer a disabling injury as the result of the January 22, 1980, work-connected accident.
While our workmen’s compensation act should be liberally construed in favor of the claimant, he still bears the burden of proof and must establish his claim by a preponderance of the evidence. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (La.1963); Walker v. Belden Corporation, 331 So.2d 167 (La.App. 3 Cir. 1976), writ denied 334 So.2d 216 (La.1976); Layton v. S. H. Bolinger Company, 335 So.2d 695 (La.App. 2 Cir. 1976), writ denied 338 So.2d 705 (La.1976);
According to the supreme court in Guillo-ry,
“What is meant by this rule is that plaintiff in a compensation suit is required to make out his case by a preponderance of the evidence and with the same legal certainty as required in any other civil case. It follows from this, that speculation, conjecture, near possibility and even unsupported probabilities, are not sufficient to support a judgment.”
In this case, except for the plaintiff’s statement that his back hurt and he has no strength in his right hand, the evidence in regard to disability consists entirely of the testimony of the three doctors mentioned above. Ordinarily, the testimony of the treating physician should be given more weight than that of a doctor who has examined a plaintiff for purposes of diagnosis only. However, another rule often applied is that the testimony of a specialist is entitled to more weight than that of a general practitioner when the subject at issue is in his particular field. Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3 Cir. 1973).
We believe that the latter rule is applicable in this case, particularly since the treating physician sought the advice of the specialist, who examined the plaintiff not once but twice at his request.
Actually, there is no direct conflict in the testimony of these two doctors as to the plaintiff’s condition. Neither Dr. Tassin nor Dr. Mayer found any evidence of a herniated disc in their examinations of Guil-lory. Dr. Mayer, the specialist, expressed a positive opinion that Guillory had recovered from his lumbar sprain by April 8,1980, and was then no longer disabled. Dr. Tassin, the general practitioner, simply suspects that a herniated disc possibly may be present and he is unwilling to discharge plaintiff to return to work without further evaluation in this regard by another specialist.
Dr. Mayer’s opinion is supported by the other general practitioner, Dr. Kapsinow, who found only minor injuries and concluded that plaintiff would recover and be able to return to work in a maximum of six days after the accident.
From our review of the record the preponderance of evidence is to the effect that plaintiff recovered from his injuries and was able to resume gainful employment on or before April 8, 1980. Clearly, he has failed to prove that he has been disabled since that date. Therefore, the trial judge was clearly wrong in concluding that he was disabled thereafter and awarding additional compensation for temporary total disability.
*615 For the foregoing reasons, the judgment of the district court is reversed and set aside and judgment is rendered herein in favor of the defendant, Insurance Company of North America, and against the plaintiff, Leston Guillory, rejecting the latter’s demands and dismissing this suit. The costs of court, including this appeal, are assessed to the plaintiff and defendant in equal proportions.
REVERSED AND RENDERED.

. From the briefs of both parties we find that the error was discovered by defense counsel while writing his brief for this court and a check for $338.47 was mailed to plaintiff’s attorney on February 16, 1981, as the total difference between the two weekly compensation rates for plaintiffs temporary total disability to April 8, 1980. The plaintiff has not indicated any error in the calculation of this payment or any objection thereto. We therefore assume it is correct and fully covers the deficiency in compensation for the period indicated.