459 So.2d 1342 (1984)
Julius Griffin SEPULVADO, Plaintiff-Appellant,
v.
WILLAMETTE INDUSTRIES, Defendant-Appellee.
No. 83-1074.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
William D. Dyess, Many, for plaintiff-appellant.
*1343 Brittain & Williams, Joe Payne Williams, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
This is a worker's compensation case. The plaintiff, Julius Griffin Sepulvado, seeks benefits for partial disability, statutory penalties, and attorney's fees. From a judgment denying his claims, the plaintiff appeals.
The issue on appeal is whether, under conflicting medical testimony, the plaintiff is entitled to payments for partial disability, statutory penalties, and attorney's fees.

FACTS
The plaintiff suffered an accident within the course and scope of his employment as a sawmill worker with Willamette Industries. Willamette paid compensation benefits from the date of the accident, March 23, 1983, until about May 3, 1983, and paid all medical and travel expenses for that period of time.
The plaintiff's job involved feeding sheets of grain plywood veneer into a drying machine. From time to time, several sheets would become stuck in the drying machine. The accident occurred as the plaintiff was attempting to free four such sheets of plywood. As the plaintiff stooped to twist loose the plywood, he injured his lower back. Treatment was initially rendered to the plaintiff at the Fraser Hospital in Many.
Subsequently, the employer referred the plaintiff to Dr. Robert E. Holladay, IV, a Shreveport orthopedic surgeon. On April 6, 1983, Doctor Holladay diagnosed the plaintiff's injury and complaints of pain as a mild ligamentous sprain of the lumbar spine, with an 85% range of normal motion. He also found a grade one congenital spondylolisthesis (i.e., slipped vertebrae) which he felt was unrelated to the lumbar sprain. He prescribed rest, medication, and a back brace. He examined the plaintiff again on April 18, 1983, at which time he noted that the sprain appeared to be healing, that there were no more back spasms, and that the plaintiff felt less discomfort. On May 2, 1983, he examined the plaintiff for a third time, noting that the sprain had apparently healed and that the plaintiff's lower back tested as normal. He recommended that the plaintiff return to his former job. Subsequent examinations on June 1st and June 13, 1983, showed the same result. Doctor Holladay observed on June 13th that, while the plaintiff complained of pain, results of the various tests performed on him were inconsistent; he concluded that the plaintiff was exaggerating his injury.
The plaintiff was referred by his own attorney to Dr. J. Lee Etheredge, an orthopedic surgeon, who examined the plaintiff on two occasions. On April 28, 1983, the plaintiff complained of leg and back pain, and tenderness in the lower lumbar spine area. Doctor Etheredge's test revealed the sprain of the lower lumbar spine and the grade one spondylolisthesis in the lower vertebrae, which he concluded was related to and had been aggravated by the sprain. He prescribed rest, medication, and exercise. On June 6, 1983, the plaintiff stated to the doctor that his pain was worse. Upon further testing of the plaintiff, Doctor Etheredge found limited motion and tenderness in the lower lumbar area. He concluded that the plaintiff should learn some type of new skill in order to perform lighter work. It was Doctor Etheredge's opinion that heavy work would only aggravate the congenital spondylolisthesis. It is noted, however, that the plaintiff apparently informed Doctor Etheredge that his job involved heavy lifting and that he had suffered this same injury previously. These statements were contradicted at the trial by the testimony of D.G. Rivers, the plant supervisor. Doctor Etheredge also acknowledged that Doctor Holladay, the treating physician, was in a better position to evaluate the plaintiff's condition, as he had seen and tested the plaintiff on more occasions.
The issue here is whether the trial court erred in finding that the plaintiff was not entitled to further worker's compensation benefits.
*1344 The plaintiff-appellant argues that the trial court gave insufficient weight to the testimony of Doctor Etheredge. Doctor Etheredge did conclude that the plaintiff could no longer work at his former job, but these conclusions were apparently based upon information given to him by the plaintiff. Doctor Etheredge also testified that the plaintiff complained of pain as late as June, 1983, and that his tests substantiated these complaints. However, the doctor was not able to conclusively state on the basis of only two examinations that the plaintiff was not exaggerating his complaints. On the other hand, Doctor Holladay stated that while the plaintiff had suffered a lumbar back sprain, he had completely recovered by early May. Doctor Holladay also testified that this sprain was unrelated to plaintiff's congenital spondylolisthesis. He concluded, based on inconsistent test results, that the plaintiff's complaints in early June, 1983, were exaggerated and based upon the plaintiff's desire for financial gain. At the trial, lay testimony was presented by the plaintiff showing that the plaintiff was unable to work until the time of the trial. It is noted, however, that this testimony appears to have been based primarily upon the plaintiff's self-serving statements rather than his actions.
While in compensation cases the law is to be liberally construed in favor of the employee, the plaintiff in a compensation suit is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Fogleman v. Roy O. Martin Industries, Inc., 432 So.2d 1197 (La. App. 3rd Cir.1983); Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3rd Cir.1983); Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3rd Cir.1982). Moreover, whether a plaintiff's pain is substantial enough to render him disabled is a question of fact to be determined by the trier of fact; such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility furnishes a reasonable factual basis for such findings, unless such findings are clearly wrong. Fogleman v. Roy O. Martin Industries, Inc., supra. Ordinarily, the treating physician's testimony will be given more weight than that of a doctor who examines a plaintiff for diagnosis only. Guillory v. INA, 401 So.2d 612 (La.App. 3rd Cir.1981); Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3rd Cir.1973). That general rule appears to be applicable here.
The treating physician, Doctor Holladay, found that the plaintiff could return to work. Doctor Etheredge, who examined the plaintiff for purpose of diagnosis only, admitted that his conclusion that the plaintiff could not return to his former job was based, at least in part, upon the plaintiff's self-serving statements. The trial court obviously chose to give more weight to Doctor Holladay's testimony; it also chose to disbelieve the testimony of the plaintiff and his lay witnesses as to continuing pain. Furthermore, it is noted that Doctor Holladay observed inconsistencies in the plaintiff's test results indicating that the plaintiff was exaggerating his pain. In sum, it appears that the trial judge chose to believe the testimony put forward by the defendant and thus the plaintiff had failed to meet his burden of proof. Based on a thorough review of the record as a whole we cannot say that the trial court's determinations were clearly erroneous.
In light of our affirmation of the trial court's finding that the plaintiff was no longer disabled after Doctor Holladay's May 2, 1983, report, the defendant was not arbitrarily and capriciously acting when it terminated the plaintiff's benefits after that date. Thus the defendant is not entitled to penalties and attorney's fees.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.