GUIDRY, Judge.
This is a worker’s compensation case. The plaintiff, Lucille Gardner, seeks benefits for permanent partial disability, statutory penalties and attorney’s fees from her employer, Normal Life, Inc. and its alleged worker’s compensation insurer, Underwriters Adjusting Company. The trial court dismissed plaintiff’s primary claim and other demands but did award her $1,250.00 in reimbursement of a tuition loan in connection with her schooling at the Delta School of Business and medical expenses for a physical therapy bill which had not been paid by her employer, along with applicable statutory penalties and $350.00 in attorney’s fees. The trial court assessed three-fourths of the court costs against plaintiff and one-fourth against defendants, Normal Life, Inc. and Kansas City Fire and Marine Insurance Company (hereafter Kansas City), Normal Life’s actual worker’s compensation insurer.[1] Plaintiff alone appealed.
FACTS
Plaintiff, Lucille Gardner, age 27, was employed as a nurse’s aide by defendant, Normal Life, Inc., a company which operates a home for retarded and physically handicapped persons in New Iberia, Louisiana. She testified that on April 28, 1985, while acting in the course and scope of her employment, she sustained an injury to her back when she lifted a patient weighing approximately 400 pounds into a wheelchair. She stated that she continued to work for the remainder of her shift but was in extreme pain on the morning following the accident. There were no witnesses to the accident. Plaintiff was subsequently paid worker’s compensation benefits and medical expenses. On January 26, 1987, at defendants’ request, plaintiff was examined by Dr. Fred E. Webre, an orthopedic surgeon. Pursuant to Dr. Webre’s findings, benefits were terminated as of February 1,1987. Thereafter, plaintiff instituted this suit.
Plaintiff was initially treated by her employer’s physician, a Dr. Ditch. Dr. Ditch had plaintiff x-rayed, prescribed pain medication, and told her not to return to work. One week later, Dr. Ditch examined plain *825 tiff and diagnosed her as having a lordotic (swayback) posture and left hip bone out of joint. Plaintiff was subsequently hospitalized to undergo manipulation therapy for her hip and physical therapy for her back.[2] Due to plaintiffs continued complaints of back pain, Dr. Ditch referred plaintiff to Dr. R.W. LeBlanc, a board certified orthopedic surgeon. At the time of trial, plaintiff was still under the care of Dr. LeBlanc.
Dr. R.W. LeBlanc, plaintiffs treating orthopedic physician, conducted a series of tests on plaintiff including x-rays, an MRI (Magnetic Resonance Imaging) scan, a CT scan, and various neurological examinations. Dr. LeBlanc concluded that all tests and x-rays were normal with the exception of the MRI scan. He opined that the MRI scan indicated a slight bulge at the L4-5 disc, indicating a low grade injury to that disc. He admitted that the disc in question was not ruptured nor was it causing any nerve root compression. Dr. LeBlanc candidly admitted that his opinion with regard to the MRI was not shared by two radiologists, including Dr. James B. Godcheaux, who performed the MRI at Dr. LeBlanc’s request. Both radiologists found the MRI completely normal.
Although Dr. LeBlanc admitted that he did not consider himself skilled in interpreting MRIs, he nevertheless maintained that a bulging disc did exist. Dr. LeBlanc admitted that the plaintiff never exhibited any objective neurological findings and possessed a “significant amount of pyschological overlay with her symptoms”, i.e., her complaints were not always consistent with his anatomical findings. In sum, based solely upon his interpretation of the MRI and her continued complaints of pain, Dr. LeBlanc concluded that plaintiff was unable to return to her work as a nurse’s aide.
Dr. Fred E. Webre, an orthopedic surgeon, also examined plaintiff. He conducted a physical examination of plaintiff and had her x-rayed. Dr. Webre opined that plaintiffs examination, x-rays and previously performed CT scan were normal. He concluded that plaintiff was no longer disabled and was able to return to work.
Dr. James B. Godcheaux, the radiologist who was asked by Dr. LeBlanc to perform the MRI on plaintiff, also interpreted the MRI scan. He concluded that the MRI was normal.
On appeal, plaintiff urges trial court error in the following particulars:
1. The trial court erred when it failed to find plaintiff permanently partially disabled pursuant to La.R.S. 23:1221(4).
2. The trial court erred when it failed to award plaintiff rehabilitation benefits.
3. The trial court erred when it failed to award plaintiff adequate attorney’s fees.
4. The trial court erred when it apportioned 75% of the court costs to plaintiff.
PERMANENT PARTIAL DISABILITY AND SUPPLEMENTAL BENEFITS.
In Sepulvado v. Williamette Industries, 459 So2d 1342 (La.App. 3rd Cir.1984), at page 1344, we reiterated the following well-established jurisprudential rules regarding the plaintiff’s burden of proof in compensation cases and the proper weight to be accorded the treating physician’s testimony:
“While in compensation cases the law is to be liberally construed in favor of the employee, the plaintiff in a compensation suit is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Fogleman v. Roy O. Martin Industries, Inc., 432 So.2d 1197 (La.App. 3rd Cir.1983); Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3rd Cir.1983); Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3rd Cir.1982). Moreover, whether a plaintiff’s pain is substantial enough to render him disabled is a question of fact to be determined by the trier of fact; such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility furnishes a reasonable factual ba *826 sis for such findings, unless such findings are clearly wrong. Fogleman v. Roy O. Martin Industries, Inc., supra. Ordinarily, the treating physician’s testimony will be given more weight than that of a doctor who examines a plaintiff for diagnosis only. Guillory v. INA, 401 So.2d 612 (La.App. 3rd Cir.1981); Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3rd Cir.1973)....”
Additionally, in Guidry v. Davis, 382 So.2d 250 (La.App. 3rd Cir.1980), we stated at page 253:
“It is also well settled that the jury or trial judge may, and should, assess the credibility of experts who testify at the trial, as well as that of lay witnesses, to determine the most credible and realistic evidence and the fact finder’s determination of the credibility of those witnesses will not be disturbed unless found to be clearly erroneous. Green v. State, Southwest Louisiana Charity Hosp., 309 So.2d 706 (La.App. 3 Cir.1975); Monette v. Aetna Cas. & Sur. Co., 352 So.2d 423 (La.App. 3 Cir.1977). After weighing and evaluating all of the medical evidence, and in most cases the lay testimony, relating to the injuries sustained by a plaintiff, the jury or trial judge may accept or reject the opinion expressed by any medical expert, depending upon how he is impressed with the qualifications and the testimony of that expert. Touchet v. Fidelity and Casualty Co. of New York, 264 So.2d 752 (La.App. 3 Cir.1972).”
Plaintiff urges that the trial court erred when it failed to give greater weight to the testimony of the treating orthopedic physician, Dr. R.W. LeBlanc, over that of the other medical experts. We find no clear trial error in this regard. Dr. Le-Blanc’s diagnosis regarding the cause of plaintiff’s pain was based solely upon subjective findings, i.e., plaintiff’s complaints of pain in her lower back, and his interpretation of plaintiff’s MRI scan. Dr. God-cheaux, the radiologist who performed the MRI at Dr. LeBlanc’s request, testified that plaintiff’s MRI scan was normal. Dr. Godcheaux testified and Dr. LeBlanc agreed that interpretation of an MRI scan is within the expertise of a radiologist. Dr. Webre, after physically examining plaintiff and reviewing plaintiff’s x-rays and CT scan, indicated he could find no objective findings to support plaintiff’s symptoms and opined that plaintiff was able to return to work as a nurse’s aide.
In the instant case, the trial court was apparently more impressed with the qualifications and testimony of Drs. Godcheaux and Webre and chose to accept their expert medical opinions over that of Dr. LeBlanc. A reasonable evaluation of the evidence reveals no clear error in the trial court’s finding that plaintiff was no longer disabled after February 1,1987. Accordingly, this finding will not be disturbed. Our conclusion in this regard renders appellant’s second specification of error moot.
ATTORNEY’S FEES
On appeal, plaintiff seeks an increase in the attorney’s fees awarded.
In the worker’s compensation case of Watson v. Louisiana Paving Company, 441 So2d 31 (La.App. 3rd Cir.1983), we stated:
“With regard to attorney’s fees, the amount awarded rests largely on the discretion of the trial court with each case being determined in light of its own facts and circumstances. Melder v. Century Tel. Enterprises, 413 So.2d 1325 (La.App. 3rd Cir.1982). Factors to be considered in determining the amount of attorney’s fees are the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981).”
In the present case, the trial court based its determination of the award of attorney’s fees on the facts that the case was not lengthy; did not present any unusual circumstances; and, the recovery allowed the plaintiff was minimal, involving only expenses for rehabilitation. Although we consider the award of $350.00 low, we *827 are unable to state that it reflects a clear abuse of discretion.
COURT COSTS
In this final specification of error, plaintiff asserts that the trial court erred in assessing 75% of the court costs to her.[3] Generally, the trial court has great discretion in assessing court costs. La.C.C.P. art. 1920. In worker’s compensation proceedings, the trial court is allowed to assess court costs against the party who brought suit if the trial court finds that the proceedings have not been brought upon reasonable grounds. La.R.S. 23:1320. In his written reasons for judgment, the trial judge indicates that he based his assessment of costs against plaintiff on the fact that plaintiffs principal claim, i.e., the claim for permanent partial disability benefits, was groundless. We do not share the trial court’s view regarding plaintiff’s principal claim. At trial, plaintiff’s treating physician testified that she was still disabled as a result of her work connected injury and was unable to perform the work of a nurse’s aide. Further, the record reflects that, when suit was instituted and through trial, certain sums for a tuition loan and for physical therapy treatments were still due to plaintiff. Under these circumstances, we conclude that plaintiff’s suit was filed and prosecuted on reasonable grounds and the trial court clearly erred in finding otherwise. Accordingly, we will amend the trial court judgment to cast defendants with all costs both at the trial level and on appeal.
Finally, we note that by supplemental and amended answer, defendants, Normal Life, Inc. and Underwriters Adjusting Company, allege that at all times pertinent to this action, Kansas City Fire and Marine Insurance Company was the worker’s compensation insurer of defendant, Normal Life, Inc. However, in spite of this allegation, neither defendants nor plaintiff ever made Kansas City a party to this proceed-tag. Consequently, the trial court erred when it rendered judgment against Kansas City. Accordingly, we will amend the trial court judgment insofar as it casts Kansas City in judgment.
For the above and foregoing reasons, we amend the trial court judgment to delete Kansas City Fire and Marine Insurance Company as a party defendant in this proceeding. We also amend the trial court judgment to cast defendant, Normal Life, Inc., with all costs both at the trial level and on appeal. In all other respects, the trial court judgment is affirmed.
AFFIRMED AS AMENDED.

. Kansas City was never made a party to this proceeding. We will allude to this error at a later point in this opinion.

. Plaintiff was subsequently hospitalized three or four times for traction.

. We note that plaintiff instituted this suit in forma pauperis. Trial and appellate costs are taxable against a forma pauperis plaintiff in a suit for worker’s compensation benefits if the court considers it equitable. See Wright v. Insurance Co. of North America, 491 So.2d 161, 166 (La.App. 3rd Cir.1986).