352 So.2d 423 (1977)
Clarence MONETTE, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellees.
No. 6185.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Thomas & Dunahoe by Edwin Dunahoe, Natchitoches, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for defendant-appellee.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellees.
Before HOOD, CULPEPPER and FORET, JJ.
HOOD, Judge.
Clarence Monette claims damages for personal injuries sustained by him as the result of a motor vehicle collision. The defendants are Bobby L. Hamous, The Aetna Casualty and Surety Company and State Farm Mutual Automobile Insurance Company. The trial court rendered judgment in favor of plaintiff, against defendants Hamous and Aetna, for $4,706.99. His demands against State Farm were rejected. Plaintiff appealed. We affirm.
The determining issue presented is whether the amount of the award made by the trial judge is inadequate and should be increased.
The accident occurred in Natchitoches Parish on December 27, 1975. While plaintiff was driving his son's automobile with the latter's permission, the car was struck in the rear by a vehicle being driven by defendant Hamous. Plaintiff was injured as a result of that collision. Defendants concede that the sole cause of the accident was the negligence of Hamous.
At the time of the collision, there was in effect an automobile liability policy issued by Aetna to Hamous, providing bodily injury liability coverage up to $5,000.00 for each person. There also was in effect at that time an automobile liability policy issued by State Farm to plaintiff's son, covering the automobile which Mr. Monette was driving, which policy contained a provision for uninsured motorist coverage, up to a limit of $10,000.00 for injuries to each person.
As already noted, plaintiff instituted this suit against Hamous and both of the above insurers. Judgment was rendered by the trial court in favor of plaintiff, and against Hamous and Aetna, awarding plaintiff $4,500.00 as general damages, and $206.99 *424 as special damages, making a total award of $4,706.99. Since the award was within the limits of the Aetna policy, plaintiff's demands against State Farm were rejected. Monette appealed, seeking to have the trial court judgment amended by increasing the award. It is that appeal which is before us now.
Plaintiff sustained a whiplash-type injury to his neck, with some aggravation of a pre-existing arthritic condition, as a result of the accident. He contends that he also sustained an injury to his "right sternoclavicular joint" as a result of that collision. He concedes that the award made by the trial court was adequate to compensate him for the injuries to his neck, but he argues that the court erred in failing to award him general damages for the injury to his sternoclavicular joint, as well as special damages for the future medical expenses which he feels he will have to incur in treating that injury.
The trial judge assigned reasons for judgment, but he did not state in those reasons whether he found that plaintiff sustained an injury to his sternoclavicular joint as a result of the accident, or whether the judgment which he rendered was intended to include an award of general damages for such an injury. He also made no determination as to whether plaintiff would have to incur future medical expenses for the treatment of any of his alleged injuries.
Monette reasons that the trial judge "apparently found the sternoclavicular injury not related to the accident herein," because the award of special damages was not sufficient to include the future medical expenses which necessarily would have to be incurred in treating such an injury. He contends that future medical expenses in the amount of approximately $1,300.00 would be required to treat the sternoclavicular joint injury, and that "had the trial court found the injury to the sternoclavicular joint related to this accident he would have certainly awarded these medical expenses, which he did not."
The evidence shows that at the time of the trial plaintiff had a condition diagnosed as a partial dislocation or subluxation of the right sternoclavicular joint, and that that condition caused him to suffer pain. It is possible that at some time in the future surgery will be required to correct that condition, and that the cost of the surgery will be more than the amount of special damages which were awarded by the trial court. Considering the nature of that injury or condition, we agree with plaintiff that the trial judge felt that plaintiff did not sustain the injury to his sternoclavicular joint as a result of the accident which occurred on December 27, 1975. We have reviewed the record with that question in mind, and have concluded that there is no error in the judgment rendered by the trial court.
Plaintiff was 68 years of age when the accident occurred. For several years prior thereto he had suffered from arthritis in his right shoulder and in the lower back. Immediately after the vehicles collided, plaintiff was taken to the hospital where x-rays were taken of his neck, shoulder, chest and back. The x-rays showed no fractures or displacement of bones, and plaintiff was released and sent home about two or three hours after he arrived at the hospital.
Two days later, on December 29, Monette went to his family physician, Dr. Archie Breazeale, a general practitioner, and he was treated by Dr. Breazeale from that time until the date of the trial which took place on November 29, 1976. On his initial examination, Dr. Breazeale diagnosed plaintiff's injuries as "moderate to severe cervical whiplash injury, with some associated injury that involved probably the right shoulder area and his lower back to some extent." At that time, plaintiff did not complain of pain in his chest in the area of the sternoclavicular joint. Dr. Breazeale saw and treated plaintiff about once a month after the injuries were sustained, and he testified that the first time plaintiff complained of pain in the chest, or in the area of the sternoclavicular joint, was on July 13,1976, or more than six months after the accident occurred. He stated, as we understand his testimony, that Monette did *425 not complain of pain in his shoulder after the first visit, and that by the time of the trial plaintiff's neck pain was minimal. The doctor felt that plaintiff's primary discomfort since July, 1976, has been in the clavical area.
Dr. Breazeale testified that he would have expected plaintiff to experience pain in the chest immediately after the accident occurred if he actually had sustained an injury to his sternoclavicular joint at that time. He stated, in fact, that it would be highly unusual for a person who sustained that type of injury to be without chest pain for a period of six months after the accident. He nevertheless agrees that plaintiff now has a dislocation or subluxation of the right sternoclavicular joint, and he feels that that condition "is related to this accident." He stated that he believes that plaintiff had the pain all along, and just did not complain about it.
Plaintiff was examined by Dr. Baer I. Rambach, an orthopedic surgeon, on August 3, 1976, and on two other occasions after that date. Dr. Rambach diagnosed plaintiff's condition as being a "subluxation to the ligaments of the sternoclavicular joint which resulted in a partial dislocation." He stated that the condition could be remedied by surgery, but that he would not recommend that procedure unless the pain got bad enough for plaintiff to have to take narcotics. He does not feel that plaintiff has reached the point yet where he should submit to surgery. He estimated that the expenses of that type of surgical procedure would be in the neighborhood of $1,250.00 or $1,300.00.
Dr. Rambach thinks that plaintiff's condition resulted from trauma, either direct or indirect, and he feels that plaintiff would have suffered pain at or shortly after the time that trauma occurred. He stated that if plaintiff did not complain of pain in his chest, or in the area of the right sternoclavicular joint, until about six months after the accident occurred, then he questions whether he sustained that injury at the time of the above automobile accident.
Monette testified that he complained to Dr. Breazeale of pain in his chest every time he was examined by the doctor. To that extent, at least, his testimony is in direct conflict with that of the doctor.
Applicable here is the established rule that the factual findings of the trial court are entitled to great weight, particularly when they involve a determination of the credibility of witnesses, and that his findings will not be disturbed by the reviewing court unless found to be clearly erroneous.
The trial court may, and should, assess the credibility of experts who testify at the trial, as well as that of lay witnesses, to determine the most credible and realistic evidence, and his determination of the credibility of those witnesses will not be disturbed unless found to be clearly erroneous. Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La.App. 3 Cir. 1975).
In the instant suit we believe the trial judge found that the abnormal condition of plaintiff's right sternoclavicular joint was not caused by the accident alleged in his petition, and we cannot say that he erred in making such a finding. He would have been justified, we think, in rejecting plaintiff's statements and accepting those of Dr. Breazeale that Monette did not complain of pain in his chest until more than six months after the accident occurred, and in concluding that plaintiff's injury to his sternoclavicular joint did not result from the accident which occurred on December 27, 1975.
If the trial judge found, instead, that the injury to plaintiff's sternoclavicular joint was caused by the accident of December 27, 1975, we nevertheless cannot say that he abused his discretion in awarding plaintiff $4,500.00 as general damages, and in refusing to award the cost of future medical expenses for treating that particular injury. The evidence is convincing that plaintiff experienced no pain from that particular injury for at least six months after the accident occurred, and that the pain which he suffered after that time has not been *426 severe enough to require him to use strong pain-killing drugs or to make surgery necessary. His other injuries clearly were of a relatively minor nature. The evidence also does not establish that plaintiff will have to have surgery to correct that injury. Assuming that all of the injuries alleged by plaintiff resulted from the above accident, therefore, we believe that the award made in this case is within the realm of the discretion which is vested in the trial court.
Regardless of which of the above factual conclusions were reached by the trial judge, therefore, we find no error or abuse of discretion in the amount of the award which was made to plaintiff by the trial court.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.