KLEES, Judge.
This suit was brought by Wayne J. Verges against New Orleans Public Service, Inc., American LaFrance, Inc., Adolph Mayer, John M. Davis and the City of New Orleans for injuries which he received while acting within the course and scope of his employment with the New Orleans Fire Department. The City intervened in the suit seeking indemnification for sums paid as worker’s compensation to the plaintiff. The plaintiff’s suit was subsequently dismissed as to the City, Adolph Mayer and John M. Davis. American LaFrance, Inc. settled any claims with the plaintiff and was dismissed from the suit. After trial on the merits the trial court rendered judgment against the plaintiff in favor of the remaining defendant, NOPSI. It is from this judgment that the plaintiff appeals.
The issue on appeal is whether the trial court was correct in finding that there was no liability for the accident on NOPSI’s part. We conclude the trial judge was not in error and affirm his judgment.
The plaintiff was injured on December 3, 1976 while working at the firehouse located on Martin Luther King Boulevard in New Orleans. Captain Davis and Adolf Mayer were conducting a training session on the apparatus apron in front of the station for two new firefighters that morning. Mayer was demonstrating the operation of the upper arm of the boom assembly on the Squrt Unit under Captain Davis’ supervision. The plaintiff was not participating in the training session, but had gone to the *879 Squrt Unit to remove his firefighting clothes which he had placed in the truck’s cab earlier that morning. The plaintiff received a severe electrical shock when he came into contact with the Squrt Unit. The fire truck had become electrified due to the boom having either contacted or come in very close proximity to some overhead power lines.
It is plaintiffs contention that NOPSI is liable for having located high voltage overhead wires directly in front of the fire station, disregarding the nature of the activities conducted there and the equipment used by the firefighters and, in particular, in violation of the height requirements in § 21-7 of the Code of the City of New Orleans. The trial judge found that the employees of the fire department were negligent in the operation of the Squrt Unit, but did not find that NOPSI was liable to the plaintiff for his damages. We do not find from the evidence before us that the trial judge was clearly wrong.
Robert Drake, an expert in electrical engineering, testified that the specific 20 foot height requirement of the National Electric Safety Code had been met by NOPSI, but in his opinion the general requirements may not have been. He thought that the unusual activity at the particular site represented a higher degree of hazard requiring more than meeting the specific height requirements. In his opinion, NOPSI had violated § 21-7 of the Code of the City of New Orleans which required that when more than 10 feet of a pole was occupied by any company, the lowermost wires of that company shall be at least 35 feet from the ground. NOPSI had 10 feet on the pole and the lowermost, which did not conduct electricity, was at 19 feet. The wire which the boom either hit or came near was 34 feet above the ground. That line had “thirteen point kilovolts between conductors or 8000 volts to ground per conductor.” He estimated that at that voltage the electricity would arc approximately a quarter of an inch at most depending on atmospheric conditions.
Conrad Porbes, another expert in electrical engineering, said that he had never heard of the City Code’s height requirement prior to trial. He said that § 21-7 of the Code was not practical and has not been used by NOPSI or required by the New Orleans Department of Utilities, NOPSI’s regulating authority. Porbes also did not consider it an unreasonable risk to have a firehouse at that particular location because fire equipment was used all over the City, even more at other locations than at the fire house and testified that if you’re going to raise lines at a firehouse you would have to raise them throughout the entire city.
George F4ch, yet another expert in electrical engineering, testified that NOPSI was regulated by the National Electric Safety Code and that § 21-7 of the City Code was archaic. He added that the City has been trying to update the Code for years. In his capacity as chief electrical inspector for the City, he enforces the National Electric Code and National Electric Safety Code standards which are found by reference in the New Orleans Building Code.
Edward Arnold, an expert in electrical engineering, also testified that NOPSI has to comply with the National Electric Safety Code and that it is specified in § 21-36 of the City Code. He also didn’t think that § 21-7 was practical or enforceable. In Arnold’s opinion the amount of pole space is immaterial to the line clearance from the ground. He said that firehouses are given no special consideration since the fire equipment is used all over the City, as well as near the fire house, therefore there is no requirement to have additional clearance for a firehouse.
The plaintiff and Mayer both testified that the rear of the building was available for training sessions, but had not been used that day. Mayer and Joseph Haines, another firefighter, testified that the boom did not hit the overhead wires or that they did not see it hit the wires. Mayer said the boom was a foot or two from the wires. However, burn marks were found on the *880 outside of the boom and the wire had been spliced by NOPSI, indicating that contact had been made.
In Guidry v. Davis, 382 So.2d 250, 253 (La.App., 3rd Cir.1980) the Court said,
“... the jury or trial judge may, and should, assess the credibility of experts who testify at the trial, as well as that of lay witnesses, to determine the most credible and realistic evidence and the fact finder’s determination of the credibility of those witnesses will not be disturbed unless found to be clearly erroneous. Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La.App., 3rd Cir.1975); Monette v. Aetna Cas. & Sur. Co., 352 So.2d 423 (La. App. 3rd Cir.1977).
The trial judge was of the opinion that the accident couldn’t have happened as the City’s employees testified because the plaintiff’s own expert, Drake, testified that the electricity would only arc a quarter of an inch, not the one or two foot distance from the wire alleged by Mayer and Haines. We do not find the trial judge was clearly wrong, accordingly, the judgment of the trial court is affirmed. All costs are assessed to the plaintiff-appellant.
AFFIRMED.