476 So.2d 899 (1985)
Linda TYLER, Plaintiff-Appellant,
v.
Marvin V. RICHARDSON, et al., Defendants-Appellees, and
Patricia WILSON, Plaintiff-Appellant,
v.
Marvin V. RICHARDSON, et al., Defendants-Appellees.
Nos. 17194-CA, 17195-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
Writ Denied November 22, 1985.
*901 Gamm, Greenberg & Kaplan by Alex Rubenstein, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
These are actions to recover damages for personal injuries sustained in an automobile accident which occurred on April 10, 1982. The plaintiffs are Patricia Lee Wilson and her sister, Linda Diane Tyler. The defendants are Marvin V. Richardson and his insurer, State Farm Mutual Automobile Insurance Company. Plaintiffs obtained judgments against defendants in solido. Plaintiffs appeal seeking an increase in quantum. We amend to increase the awards to include cost of excessive treatments.
Mrs. Wilson contends that the trial judge erred in:
(1) finding her essentially recovered by May 28, 1982;
(2) awarding her only $3,750.00 for pain and suffering and only $2,594.50 in special damages;
(3) admitting Dr. Holladay's opinions as to the practice of chiropractic into evidence.
Mrs. Tyler contends the trial judge erred in:
(1) finding her essentially recovered by May 7, 1982;
(2) awarding her only $3,000.00 for pain and suffering and only $681.00 in special damages;
(3) admitting Dr. Holladay's opinions as to the practice of chiropractic into evidence.
The defendants neither appealed nor answered plaintiffs' appeal.
The assignments of error made by each plaintiff present three issues for decision:
1. was the trial court's award of general damages to either plaintiff inadequate;
2. did the trial court err in refusing to award to each plaintiff as special damages the total sum due for chiropractic treatment;
3. did the trial court err in admitting into evidence the opinion of an orthopedic surgeon as to the practice of chiropractic.

The Facts
Patricia Wilson and Linda Tyler filed separate suits based upon an accident which occurred when a vehicle driven by the defendant, Marvin V. Richardson, rear-ended the vehicle occupied by Mrs. Wilson and Mrs. Tyler. The plaintiffs complained of head, neck and back pain following the accident. Mrs. Tyler was pregnant at the time of the accident. She had an apparently healthy baby on August 16, 1982. The two cases were consolidated for trial and liability was stipulated.
*902 The district court awarded Mrs. Wilson $3,750.00 for pain and suffering and $2,548.00 in special damages for loss of wages, ambulance service and cost of her chiropractic treatment until May 28, 1982. Mrs. Wilson's claim for her treatment by Dr. Mooring, her chiropractor, beyond May 28, 1982, was denied along with her claim for cost of membership in a health club prescribed by Dr. Mooring. She also received no award for prescribed drugs purchased immediately after the accident.
Mrs. Tyler was awarded $3,000.00 for pain and suffering and $681.00 in special damages which represents the cost of Dr. Mooring's treatment to May 7, 1982. She received no award for treatment by Dr. Mooring, her chiropractor, beyond May 7, 1982.
Plaintiffs appeal contending that the trial judge's awards of general and special damages were inadequate.
The plaintiffs received their primary care for their injuries sustained in the accident from Dr. Mooring. Mrs. Wilson was seen on the date of the accident by an emergency room physician in a Shreveport hospital and one time by Dr. Faludi, a neurosurgeon. Each of the plaintiffs were examined by Dr. Holladay, an orthopedic surgeon.
Issue # 1Award of General Damages
Dr. Mooring diagnosed each of the plaintiffs as having sustained primarily a cervical strain, though he recognized that each had low back pain and some discomfort in other areas of the body. He treated each with massage, adjustments and traction. He treated Mrs. Wilson 40 times from April 12, 1982 until November 8, 1982, for a total charge of $2,996.50. He treated Mrs. Tyler from April 12, 1982 until May 7, 1982, and from October 15, 1982 until April 8, 1983, for a total of 25 times for a total charge of $2,077.50. The testimony of Dr. Mooring reflected these plaintiffs needed his treatment for their injuries in the automobile accident through the date of their last treatments.
The trial judge found in his reasons for judgment that Mrs. Wilson suffered a mild seizure at the scene of the accident, pain in the neck, low back, and headaches. He found Mrs. Wilson suffered a mild to moderate cervical strain as a result of the accident. The trial judge concluded, based upon the written report of Dr. Faludi, one of her treating physicians, that Mrs. Wilson was essentially recovered by May 28, 1982. The trial judge found that the need for treatment beyond May 28, 1982, had not been established but recognized that Mrs. Wilson could have endured some discomfort for a few days beyond this date.
The trial judge found Mrs. Tyler suffered pains in the low back, chest, head, and sustained a mild cervical strain, and that she had essentially recovered by May 7, 1982. The trial judge concluded the need for treatment beyond May 7, 1982, had not been established although there was some continued discomfort and worry because of her pregnancy. Mrs. Tyler was awarded $3,000.00 for pain and suffering and worry. The trial judge's finding that Mrs. Tyler essentially recovered by May 7, 1982, was based in part upon a letter dated August 7, 1982, addressed to counsel for plaintiffs, from Dr. D.B. Mooring which stated that Mrs. Tyler had totally recovered from her injuries as of May 7, 1982. Dr. Mooring testified at trial that when the letter to plaintiff's counsel was prepared he assumed Mrs. Tyler had recovered because she discontinued treatment after her May 7, 1982, visit and on this visit she had stated that she was feeling better. However, Mrs. Tyler returned to Dr. Mooring on October 15, 1982 for further treatment which continued through April 8, 1983. Dr. Mooring testified that Mrs. Tyler on her return advised him she discontinued treatment because she was pregnant and feared that treatment might be dangerous to the fetus.
The trial judge's finding that Mrs. wilson was essentially recovered by May 28, 1982, and Mrs. Tyler was essentially recovered by May 7, 1982, was also supported by the testimony of Dr. Robert Holladay, an orthopedic surgeon, who examined plaintiffs on October 4, 1983 and who had reviewed *903 the reports of Dr. Mooring on his diagnosis and treatment of the plaintiffs. Dr. Holladay testified that his examination revealed that neither of the plaintiffs had any residual disability as a result of the April 10, 1982 accident. Dr. Holladay further testified that, with normal orthopedic treatment, injuries of the type sustained by the plaintiffs would heal within six to eight weeks.
Civil Code Article 1934(3) provides that much discretion must be left to the judge in assessment of general damages.[1] Before a general damage award can be changed on appeal it must be first determined that the trial judge has abused his great discretion. This determination must be made based upon the peculiar facts of each case and with due regard for the fact that the trial judge is in the best position to evaluate the credibility of the witnesses, including their testimony about the nature and extent of their injuries. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506, 507 (La.1978); Revon v. American Guarantee and Liability Ins. Co., 296 So.2d 257 (La.1974). "Thus, the initial inquiry must always be directed at whether the trial court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of facts' much discretion. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason be considered excessive or insufficient." Reck v. Stevens, 373 So.2d 498 (La.1979).
Based upon the facts of the present case, we cannot say that the trial judge abused his great discretion in his general damage award to the plaintiffs. Neither of the plaintiffs were hospitalized for their injuries, nor did they receive any substantial treatment from a medical doctor. Mrs. Wilson was examined by a medical doctor in the emergency room of a Shreveport hospital on the day of the accident but this doctor's report, which was admitted into evidence, is for the most part not legible. Mrs. Wilson testified that he told her to take extra strength Tylenol. X-rays taken at the hospital of her skull, chest and cervical spine were reported as revealing no abnormality. Mrs. Wilson was examined once by Dr. Faludi and once by Dr. Holladay and neither doctor found anything wrong with her. The only medical doctor who examined Mrs. Tyler was Dr. Holladay and he found nothing wrong with her. The testimony of Dr. Holladay, the report of Dr. Faludi, and Dr. Mooring's description of the contents of his letter to Tyler's attorney, provide substantial evidence to support the trial judge's finding that the injuries sustained by each of the plaintiffs were not serious and caused substantial discomfort for only a few weeks after the accident.
Plaintiffs contend however, that the trial judge gave too much weight to the testimony of Dr. Holladay and the report of Dr. Faludi and too little weight to the testimony of Dr. Mooring. We do not agree.
After weighing and evaluating the medical and lay testimony, the trial judge may accept or reject the opinion expressed by any medical expert. Newitt v. Hospital Corporation of Louisiana, 417 So.2d 391 (La.App. 5th Cir.1982), writ den., 422 So.2d 155 (La.1982) (citing Guidry v. Davis, 382 So.2d 250 (La.App.3d Cir.1980) and Monette v. Aetna Casualty & Surety Co., 352 So.2d 423 (La.App.3d Cir.1977). The trial judge should evaluate the expert testimony according to the same rules applicable to other witnesses. Necaise, Inc. v. Vicknair, 391 So.2d 1347 (La.App. 4th Cir.1980); Davenport v. McCollough Services Baroid Div., 388 So.2d 453 (La. App.2d Cir.1980). The trial judge is not bound by expert testimony. He may substitute his own common sense and judgment for that of an expert witness where, in the opinion of the trier of fact, such substitution appears to be warranted by *904 the evidence as a whole. Smith v. Andrepont, 378 So.2d 479 (La.App. 1st Cir.1979), writ den., 380 So.2d 102 (La.1980); Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir.1976).
The trial judge's refusal to accept the totality of the chiropractor's testimony with regard to the extensive period of time that plaintiffs endured substantial pain and required extensive treatment was justified not only by the testimony of Dr. Holladay but also by the conflict between the testimony of Dr. Mooring and that of Dr. Faludi as to Mrs. Wilson's condition on May 28, 1982. The Faludi-Mooring conflict, superimposed upon the inconsistency of Mooring's prognosis on Mrs. Tyler expressed in his letter of August 9th, and that expressed at trial following his examination and treatment of Mrs. Tyler between October 15, 1982 and April 8, 1983, further detracts from Mooring's credibility.
Considering all these circumstances we find no abuse of the trial judge's discretion in his refusal to fully accept Dr. Mooring's testimony.
Mrs. Tyler contends that the trial judge failed to take her pregnancy into consideration in his award of general damages. This contention has no merit. The trial judge, in his written reasons for judgment, specifically included Mrs. Tyler's "worry" for her unborn child as a factor considered in determining her award of general damages.
We find no abuse of the trial judge's great discretion in his determination of the general damage award for each of the appellants.
Issue # 2Special Damages
The tortfeasor must pay the victim for the cost of unneeded medical treatment of the victim's injuries unless the expense was incurred as a result of the bad faith of the victim. The reason for the rule is that as between the victim and the tortfeasor the basic cause for the excessive expense of treatment is attributable to the party whose fault caused the injury rather than the victim. Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir. 1972); Acosta v. Doe, 342 So.2d 1241 (La. App. 4th Cir.1977), cert. denied, 345 So.2d 48 (La.1977); Andrews v. La. Coca-Cola Bottling Co., 454 So.2d 1193 (La.App. 4th Cir.1984), writ denied, 459 So.2d 544 (La. 1984).
This rule requiring the tortfeasor to pay for the overtreatment of the victim applies to excessive treatment of the victim by a chiropractor when the overtreatment is not attributable to the bad faith of the victim. Druilhet v. Trinity Universal Ins. Co., 361 So.2d 40 (La.App.3d Cir.1978), writ denied, 363 So.2d 535 (La.1978); Gourdon v. Rockwood Ins. Co., 368 So.2d 1156 (La. App.3d Cir.1979).
Mrs. Wilson's special damage award included only $1,154.00 of Dr. Mooring's charges of $2,996.50 for treatment of Mrs. Wilson. The trial court found the need for treatment beyond May 28, 1982 had not been established and Dr. Mooring's charges through this date were $1,154.00. The evidence established that Mrs. Wilson was treated for her injuries by Dr. Mooring, through November 8, 1982, and was charged for this service the sum of $2,996.50. There is no evidence of bad faith on the part of Mrs. Wilson and under these circumstances the cost of the excessive treatment in the amount of $1,842.00 must be borne by the defendants.
Mrs. Wilson also contends she should have received an award for the cost of medicine purchased with prescriptions in the amount of $20.77. A review of the record reveals that Mrs. Wilson failed to establish by a preponderance of the evidence who prescribed the medicine, and the purpose for it, and for this reason the denial of this claim was not an abuse of discretion by the trial judge.
Mrs. Wilson contends she should have received an award for her membership in a health spa which was prescribed by Dr. Mooring and which cost $434.00. The record reveals that Mrs. Wilson was never permitted to receive the services of the health spa because of her inability to pay for it. She fully recovered from her *905 injuries without the benefit of the health spa and for this reason there can be no error on the part of the trial judge for denying it.
Mrs. Tyler was only awarded the sum of $681.00 for the cost of Dr. Mooring's services through May 7, 1982. Dr. Mooring thereafter treated Mrs. Tyler for her injuries from October 15, 1982 to April 8, 1983, at an additional charge of $1,396.50. Though this additional treatment was found by the trial judge to be unnecessary, it cannot be said to have been the result of any bad faith on the part of Mrs. Tyler. This cost of the excessive treatment must be borne by the defendants.
Issue # 3Admissibility of Expert Testimony as to the practice of chiropractic
Plaintiffs contend the trial court erred in admitting Dr. Holladay's opinions as to the practice of chiropractic. Plaintiffs argue that Dr. Holladay was unqualified to testify as to this matter and his testimony should have been inadmissible. We disagree.
The qualification of an expert witness rests within the sound discretion of the trial judge and his determination will not be disturbed absent manifest error. Generally, the fact that a medical doctor is not a specialist in a particular field applies only to the effect on the weight to be given such testimony, not to its admissibility. Matter of Aaron, 417 So.2d 105 (La.App.3d Cir.1982); Frye v. Joe Gold Pipe & Supply Co., 50 So.2d 38 (La.App.2d Cir.1951).
The trial court thus did not abuse its discretion in admitting into evidence the opinions of Dr. Holladay as to the practice of chiropractic.
In our case No. 17,194-CA, which is the consolidated case containing the judgment appealed by Mrs. Wilson, we amend and recast the second paragraph to reflect an increase of $1,842.00 to cover the balance of Dr. Mooring's bill.
"IT IS ORDERED, ADJUDGED ANI DECREED that there be judgment herein in favor of Plaintiff, PATRICIA WILSON, and against Defendants, MARVIN V. RICHARDSON and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in solido, in the full sum of EIGHT THOUSAND ONE HUNDRED EIGHTY-SIX AND 50/100 ($8,186.50) DOLLARS, together with legal interest from date of judicial demand until paid and all costs of this suit."
In our case No. 17,195-CA, which is the consolidated case containing the judgment appealed by Mrs. Tyler, we amend and recast the second paragraph to reflect an increase of $1,396.50 to cover the balance of Dr. Mooring's bill.
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff, LINDA TYLER, and against Defendants, MARVIN V. RICHARDSON and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in solido, in the full sum of FIVE THOUSAND SEVENTY-SEVEN and 50/100 ($5,077.50) DOLLARS, together with legal interest from date of judicial demant until paid, and all costs of this suit."
AS AMENDED the judgments appealed in the consolidated cases are AFFIRMED at defendants' cost.
NOTES
[1] The rule of general damages contained in former LSA-C.C. art. 1934 is now found in LSA-C.C. art. 2324.1.